This is an appeal from an order of the Special Term, Chemung County, April 7, 1947, denying a motion made by the defendant to vacate an interlocutory decree and relieving the defendant of her default. On October 18, 1944, the defendant, Lily Faye Cowan, instituted a divorce action against the plaintiff in the State of Illinois. At that time the plaintiff-respondent was a member of the United States armed forces. The record fails to disclose that either the appellant or the respondent was a resident of the State of Illinois. It does not appear that the appellant’s action against the respondent in Illinois was ever completed. From the record it does not appear that the action is still pending or whether it was dismissed. On the 27th day of November, 1946, the defendant-appellant was served with a summons without a complaint at Elmira, New York, where she was then residing. The summons had indorsed thereon “Action for absolute divorce.” The appellant defaulted in appearing or answering in the New York action. On the 22d day of January, 1947, an interlocutory decree was granted to the plaintiff-respondent against the defendant. Custody of the two children of the marriage by said interlocutory decree was given to the respondent. The appellant contends that she was tricked by her husband when she was served with a summons in his action against her. Such contention is not sustained by the record. The plaintiff is now married to another girl and the defendant admitted that she conceived a child by- another man. The proposed answer of the defendant and the supporting affidavits appear to he weak. The main controversy is over the custody of the daughter of the marriage of the parties. The briefs disclose that the parties agreed prior to the granting of the decree of divorce that defendant-appellant should have custody of the daughter and plaintiff-respondent obligated himself to pay $7.50 per week to defendant-appellant for care and maintenance of such child. In view of these circumstances, the decree of divorce is modified, on the law and facts, so as to award custody of the daughter to the mother, defendant-appellant, and plaintiff- *1084 respondent is directed to pay $7.50 per week for her care and maintenance. This decision is without costs to either party. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Brewster, J., dissents with respect to the modification of the decree.